[No. 17620-7-III. Division Three. April 6, 1999.]

HARLEY G. HUDSON, ET AL., *Appellants*, v. THE CITY OF WENATCHEE, ET AL., *Respondents*.

---

*John R. Bonin*, for appellants.

*Patrick G. McMahon*, for respondents.

KATO, J. — Harley and Samantha Hudson appeal the summary judgment dismissal of their complaint against the City of Wenatchee. They contend the court erred by determining (1) the City's actions in aiding citizens locked out of their cars was constitutional, and (2) the City's actions did not interfere with a protected property interest in their business. We affirm.

The Hudsons operate Harley's Lock and Key, a locksmith service in Wenatchee. As locksmiths, they provide assistance for a $30 charge to individuals locked out of their homes and cars.

The City of Wenatchee has an informal and unwritten

policy which allows police officers to open locked vehicle doors in nonemergency situations. When officers are unable to access a car, they contact a locksmith for the individual. Although Mr. Hudson contends the City contacts only his competitors, he admitted in his deposition that he has been called by the City to respond.

The Hudsons believed the City's actions interfered with their business. They notified the City of this problem. The Mayor and Commissioners told them that while the City wanted to support all businesses in the community, they felt that police helping citizens in this manner was a part of the community-based policing program and that the program outweighed the City's concern for private enterprise.

The Hudsons then filed a complaint against the City of Wenatchee. Their chief concern was that the City directs the police to unlock the cars of citizens. The Hudsons alleged the City's actions (1) constituted a gift of public funds to individuals in violation of Article VIII, Section 7 of the Washington Constitution; (2) violated 42 U.S.C. § 1983; (3) violated their constitutional right to an uninterrupted business practice; (4) deprived them without due process of law of a protected property interest in the continuing operation of their business; and (5) constituted an intentional interference with a business expectancy. On cross motions for summary judgment, the court granted the City's motion. The Hudsons appeal.

■■■ We review orders of summary judgment de novo. *Doherty v. Municipality of Metro. Seattle*, 83 Wn. App. 464, 468, 921 P.2d 1098 (1996). Conducting the same inquiry as the lower court, we view all the facts and their reasonable inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment may be granted only if the pleadings, depositions, and admissions on file demonstrate there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. CR 56(c). Summary judgment is appropriate if reasonable persons could reach but one conclusion from all the evidence. *Hansen v. Friend*, 118 Wn.2d 476, 485, 824 P.2d 483 (1992).

██ The Hudsons contend the City's policy of permitting police officers to unlock vehicles for citizens in non-emergency situations is an unconstitutional gift of public funds. Article VIII, Section 7 of the Washington Constitution provides:

> No county, city, town or other municipal corporation shall hereafter give any money, or property, or loan its money, or credit to or in aid of any individual, association, company or corporation, except for the necessary support of the poor and infirm, or become directly or indirectly the owner of any stock in or bonds of any association, company or corporation.

The purpose of this constitutional provision is to prevent state funds from being used to benefit private interests when the public interest is not being served. *Japan Line, Ltd. v. McCaffree*, 88 Wn.2d 93, 98, 558 P.2d 211 (1977). A use of public funds is presumed constitutional, and the burden of overcoming that presumption lies with the individual making the challenge. *City of Tacoma v. Taxpayers of Tacoma*, 108 Wn.2d 679, 702, 743 P.2d 793 (1987).

██ A two-pronged analysis is used to determine whether a gift of public funds has occurred. *CLEAN v. State*, 130 Wn.2d 782, 797, 928 P.2d 1054 (1996). The court must initially determine if the funds are being expended to carry out a fundamental purpose of the government. If they are, no gift or loan of public funds has been made. *Id.*; *Brower v. State*, 137 Wn.2d 44, 62, 969 P.2d 42 (1998). If the expenditures are not serving a governmental purpose, the court must then determine if a gift has occurred by focusing on the consideration received by the public and the donative intent of the governmental entity. *CLEAN*, 130 Wn.2d at 798.

██ ██ The first inquiry is whether the City's action allowing police officers to unlock vehicles is being used to promote a fundamental purpose of government. The police power is a fundamental purpose of government. *See* CONST. art. XI, § 11. It extends not only to the preservation of the public health, safety, and morals, but also to the preserva-

tion and promotion of the public welfare. *Clark v. Dwyer,* 56 Wn.2d 425, 432, 353 P.2d 941 (1960), *cert. denied,* 364 U.S. 932 (1961). This recognizes the community caretaking function of police officers and exists so they can assist citizens and protect property. *State v. Menz,* 75 Wn. App. 351, 353, 880 P.2d 48 (1994), *review denied,* 125 Wn.2d 1021 (1995). Courts have recognized that police officers acting in their community caretaking function occasionally perform services in addition to enforcement of the penal laws. *State v. Lynch,* 84 Wn. App. 467, 477, 929 P.2d 460 (1996). Many citizens look to the police to assist them in a variety of circumstances, including delivering emergency messages, giving directions, searching for lost children, assisting stranded motorists, and rendering first aid. *State v. Chisholm,* 39 Wn. App. 864, 867 n.3, 696 P.2d 41 (1985). Thus, actions which fall into the community caretaking function are indeed a fundamental purpose of government.

The City's policy which allows police officers to assist citizens locked out of their cars is part of this community caretaking function. In carrying out the policy, officers are assisting citizens and promoting a fundamental government purpose. There is no unconstitutional gift of public funds.

■ ■ The Hudsons next contend the court erred by dismissing their 42 U.S.C. § 1983 claim against the City. In order to establish such a claim, a plaintiff must show (1) the defendant acted under the color of state law, and (2) the defendant's conduct deprived him or her of a right guaranteed by the United States Constitution. *Morinaga v. Vue,* 85 Wn. App. 822, 833, 935 P.2d 637, *review denied,* 133 Wn.2d 1012 (1997). A municipality may be liable under section 1983 when it acts through an official policy. *Mission Springs, Inc. v. City of Spokane,* 134 Wn.2d 947, 968, 954 P.2d 250 (1998). A municipality does not have to formally adopt a policy to be liable; the actions merely need to be taken pursuant to a recognized custom. *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

The City's action in permitting officers to unlock vehicles was not undertaken through a formal policy. But the City had been following this informal and unwritten policy since at least 1978 pursuant to a recognized custom.

 The Hudsons claim a property interest in their locksmith business. A property interest in employment may be created and defined by rules which stem from state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Persons must have a legitimate claim of entitlement to their employment to have a property interest in it. *Aitken v. Reed*, 89 Wn. App. 474, 484, 949 P.2d 441, *review denied*, 136 Wn.2d 1004 (1998) (quoting *Winegar v. Des Moines Indep. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir.), *cert. denied*, 513 U.S. 964 (1994)). A property interest in employment typically arises from contractual or statutory limitations on the employer's ability to terminate an employee. A property interest in employment can also be created by implied contract, arising out of customs, practices, and de facto policies. When such a property interest exists, the employee is entitled to a hearing or some related form of due process before being deprived of the interest. *Aitken*, 89 Wn. App. at 484 (quoting *Winegar*, 20 F.3d at 899).

The Hudsons, however, failed to establish the City's actions deprived them of a constitutional right. They did not establish a legitimate claim of entitlement, arising from implied contract, customs, practices, and de facto policies, to operate their locksmith business. For purposes of a section 1983 claim, the Hudsons were not deprived by the City's conduct of a constitutional right to operate their business.

Even if the Hudsons could establish such a deprivation, they did not show how the City's action harmed them. They presented no evidence indicating their business was suffering as a result of the policy. Rather, the Hudsons stated that their income increased each year. The court did not err by dismissing the claim.

 The Hudsons contend their claim for intentional

interference with a business expectancy should not have been dismissed. In order to establish their claim, they must show (1) the existence of a valid contractual relationship or business expectancy; (2) the defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) the defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Havsy v. Flynn*, 88 Wn. App. 514, 518-19, 945 P.2d 221 (1997). If these elements are established, the defendant must justify the interference or show the actions were privileged.[1] *Pleas v. City of Seattle*, 112 Wn.2d 794, 800, 774 P.2d 1158 (1989).

The record here does not establish the requisite elements of intentional interference with a business expectancy. No contract existed between the Hudsons and the City. No contract existed between the Hudsons and any of the citizens helped by the police. The Hudsons complain that had the City police not unlocked vehicle doors for citizens, those citizens would have hired them. However, the Hudsons demonstrated no facts supporting this mere allegation.

The record also does not establish that the City acted with an improper purpose or used improper means. The Hudsons claim the City acted improperly by calling only their competitors when it was unable to open a door. But in his deposition, Mr. Hudson admitted the police occasionally called him in these lockout situations. The City neither had an improper purpose nor used improper means.

Finally, the record does not establish the Hudsons suffered any damage as a result of the City's action. They allege they lost money, but nothing in the record supports their allegation. Even considering the facts in a light most favorable to the Hudsons, the court did not err by entering

---

[1] The City asserts we need not address the issue of privilege because the argument is made for the first time on appeal. But the Hudsons claimed the City's action was not privileged in their summary judgment memorandum. The issue is properly before this court.

summary judgment dismissal of their claim for intentional interference with a business expectancy.

The Hudsons claim the trial court made a mistake of material fact. A material fact is one to which a reasonable person would attach importance in determining a course of action. *Wold v. Wold*, 7 Wn. App. 872, 875, 503 P.2d 118 (1972). A material fact is important and is essential to the conclusions upon which the outcome of the litigation depends. *Id.* The Hudsons contend the court mistakenly determined the City had been acting under its informal policy to unlock car doors since 1978. The record, however, supports that determination. The City mistakenly stated in a memorandum that the policy began in 1992. But the undisputed facts indicate the policy was actually in place in 1978. In any event, the length of time the policy had been in effect was not material to any of the legal issues raised. There was no error.

Affirmed.

SCHULTHEIS, C.J. and KURTZ, J., concur.