[No. 19010-2-III.   Division Three.   January 18, 2001.]

GEMINI FARMS L.L.C., ET AL., *Appellants*, v. SMITH-KEM
ELLENSBURG, INC., *Respondent*.

*Scott B. Henrie* (of *Williams, Kastner & Gibbs, P.L.L.C.*), for appellants.

*John P. Gilreath* (of *Cone, Gilreath, Ellis & Cole*); and *Patrick N. Rothwell* (of *Abbott, Davis, Rothwell, Mullin & Earle, P.C.*), for respondent.

SWEENEY, J. — A seller is entitled to prejudgment interest on a liquidated account unless the liquidated claim is offsettable against an unliquidated claim for damages arising out of the same contract. Smith-Kem Ellensburg, Inc. sold Gemini Farms chemicals on open account. Some of the chemicals were bad and caused damage to Gemini's crops. The question before us is whether Smith-Kem is entitled to prejudgment interest on its unpaid invoices ($22,562.56) following a $150,000 settlement for crop damage resulting from bad chemicals. We conclude on authority of *Mall Tool Co. v. Far West Equipment Co.*[1] that it is not entitled to prejudgment interest and reverse the trial court's award of prejudgment interest.

## FACTS

Gemini Farms, L.L.C., contracted with Smith-Kem Ellensburg, Inc. to apply agricultural pesticides during the year 1997. Sixteen acres were damaged when Smith-Kem applied contaminated chemicals. Gemini sued for damages. Smith-Kem admitted fault but disputed the extent of its negligence and the amount of damages.

[1] 45 Wn.2d 158, 273 P.2d 652 (1954).

Smith-Kem counterclaimed for an outstanding contract balance of $22,562.56 with prejudgment interest at 18 percent. Smith-Kem was represented in the negligence action by counsel provided by its insurer but had a different lawyer for its contract balance claim. And for that reason, the claims were litigated separately. The negligence claim was settled in mediation on November 1, 1999. Smith-Kem agreed to pay Gemini $150,000.

Smith-Kem then moved for summary judgment on the counterclaim. Gemini acknowledged the outstanding balance, but argued the $22,562.56 should be offset against the negligence damages. The court disagreed and granted summary judgment to Smith-Kem with prejudgment interest at 18 percent from November 10, 1997, the date of the original invoices.

Gemini appeals the interest award.

## DISCUSSION

We review orders of summary judgment de novo. *All Star Gas, Inc. v. Bechard*, 100 Wn. App. 732, 736, 998 P.2d 367 (2000). The only question here is the legal one of whether the *Mall Tool* exception applies. Review is therefore de novo. *Pagnotta v. Beall Trailers of Or., Inc.*, 99 Wn. App. 28, 35, 991 P.2d 728 (2000).

### OFFSET OF LIQUIDATED AND UNLIQUIDATED CLAIMS

Prejudgment interest is generally payable on liquidated claims. *Mall Tool Co. v. Far W. Equip. Co.*, 45 Wn.2d 158, 170, 273 P.2d 652 (1954). But *Mall Tool* sets out an exception. The amount of a liquidated claim may be reduced by the amount of an unliquidated counterclaim. Interest is then payable on only the amount remaining after setoff. The theory is that the seller is only entitled to interest on funds it is wrongfully deprived of during the period of default. And the amount the *seller* owes the *buyer* is not funds it is deprived of the rightful use of. *Mall Tool*, 45 Wn.2d at 177-78.

Gemini's claim against Smith-Kem for defective product or workmanship and negligence fits neatly within the exception of *Mall Tool*. Both of these claims arose out of the same contract—sales of 1997 farm chemicals on open account.

The record supports Gemini's contention that even before settlement, it was clear that Smith-Kem would be liable to Gemini for negligence damages far in excess of any counterclaim. Smith-Kem was not, therefore, deprived of the use of any funds during the lawsuit. And, accordingly, there was no justification for prejudgment interest.

Smith-Kem concedes the *Mall Tool* exception but contends the two claims here are unrelated. Smith-Kem contends that its counterclaim was for an unpaid balance on 29 separate orders for service on undamaged fields, totally unrelated to the damaged acreage. In essence, it argues that these orders are not part of the same contract.

*Mall Tool* held that claims arising under the same contract were *not* sufficiently related when one claim involved the sale of goods and the counterclaim was for breach of an exclusive distributor clause. *Mall Tool*, 45 Wn.2d at 178-79. the court stated, however, that if the counterclaim had been for defective workmanship in the goods giving rise to the liquidated claim, the offset exception would apply. *Id*. Here, defective workmanship is the basis of Gemini's offsetting claim.

The Ninth Circuit applied this exception under similar facts in *Westinghouse Electric Corp. v. CX Processing Laboratories, Inc.*[2] There, the court rejected the defense that separate deliveries of products precluded setoff. The question is whether the counterclaims arose out of the same unitary contract. The fact that serial deliveries are separately invoiced is not dispositive.

A liquidated claim for an account balance following separate invoices under the same contract does not remove

---

[2] 523 F.2d 668 (9th Cir. 1975).

the liquidated claim from the *Mall Tool* exception. These parties did not contract for each field or delivery. Rather Smith-Kem contracted to supply agricultural chemicals to Gemini as part of a single open account contract. Not all the chemicals delivered were defective. Some were either the wrong chemical or the wrong dilution or both. Nevertheless, Gemini's unliquidated claim was for defective workmanship on the goods underlying the liquidated claim. This is a standard open account[3] based on running or concurrent dealings with separate invoices.

The claims were not joined here. But that was a procedural accommodation by the parties to accommodate separate lawyers for Smith-Kem. And this does not make a difference. Gemini agreed to the bifurcated proceedings to accommodate Smith-Kem because Smith-Kem had separate representation as plaintiff and defendant for insurance reasons. The unliquidated claim was settled. Smith-Kem had admitted liability and agreed to pay Gemini $150,000 when the court granted Smith-Kem's subsequent prejudgment interest claim.

Reversed.

KURTZ, C.J., and BROWN, J., concur.

---

[3] *See, e.g., Yancovich v. Cavanaugh Lumber Co.*, 20 Wn. App. 347, 348, 581 P.2d 1057 (1978); *Heron v. Gaylor*, 46 N.M. 230, 126 P.2d 295, 296-97 (1942).