NORTHWEST TECHNICAL RE-SOURCES INC., a foreign corporation; Barbara French, an individual, Plaintiffs—Appellants,

v.

BECHTEL HANFORD, a foreign corporation, Defendant— Appellee.

No. 04–35594.

D.C. No. CV–03–05026–FVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 9, 2005.

Howard M. Goodfriend, Esq., Catherine W. Smith, Esq., Edwards, Sieh, Smith & Goodfriend, P.S., Seattle, WA, for Plaintiffs—Appellants.

James P. Wagner, Esq., Stafford Frey Cooper, Seattle, WA, for Defendant—Appellee.

Before BRUNETTI and McKEOWN, Circuit Judges, and KING,* Senior District Judge.

## MEMORANDUM **

■ Northwest Technical Resources, Inc. ("Northwest") appeals from a grant of summary judgment in favor of Bechtel Hanford Corp. ("Bechtel"). Northwest filed suit against Bechtel after negotiations to extend a subcontract for professional staffing services ended unsuccessfully.

Northwest alleges that Bechtel violated federal regulations by requiring cost and price data in order to evaluate price reasonableness as part of the subcontract negotiations. The gravamen of Northwest's claim is that its services fell within a commercial item exception and hence Bechtel was prohibited from requiring cost and price data. 48 C.F.R. § 15.403–1. A "commercial item" includes "[s]ervices of a type offered and sold competitively in substantial quantities in the commercial marketplace based on established catalog or market prices." 48 C.F.R. § 2.101. Determining whether a product or service qualifies for the commercial item exception lies within the reasonable discretion of the contracting party, which Northwest identifies as Bechtel. 48 C.F.R. § 15.403–1(c)(3)(i). In this instance, the Department of Energy singled out the Northwest contract as lacking in verification of price reasonableness. Nothing prohibited Bechtel from reasonably requiring cost and price data to justify price reasonableness.

■ We are not persuaded by Northwest's claims that Bechtel breached the terms of the existing subcontract and the duty of good faith and fair dealing in failing to negotiate a subcontract extension. Bechtel had no obligation to reach agreement on an extension of the subcontract and Northwest does not point to any evidence that Bechtel's efforts to extend the subcontract were not in good faith.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Northwest's claim of tortious interference vis-a-vis Kelly Services' hiring of former employees is not a model of clarity as Northwest does not tie the elements of the claim to a particular business expectancy that survived the Bechtel subcontract, in particular to its related allegations about the non-competition agreements. Notably, Northwest did not seek an injunction against Bechtel or Kelly Services with regard to the agreements. The claim fails because Northwest had no business expectancy once it terminated negotiations and terminated its employees. The claimed loss of contract with Bechtel was not tied to the employee agreements. Similarly, no record evidence supports an agreement necessary to establish a civil conspiracy. *All Star Gas, Inc. v. Bechard,* 100 Wash.App. 732, 998 P.2d 367, 372 (1996).

■ Northwest alleges that Bechtel violated the Washington Uniform Trade Secret Act by misappropriating Northwest's internal financial information. Northwest failed to meet its burden to establish the essential elements of a trade secret. Wash. Rev.Code § 19.108.010(4); *The Boeing Company v. Sierracin Corp.,* 108 Wash.2d 38, 738 P.2d 665, 674 (1987).

Northwest alleges that Bechtel could be found liable for misrepresenting the scope of the use of Northwest's data. This claim fails because Bechtel's request for data was not improper under the contract and the applicable federal regulations, and the data was used for the legitimate purpose of evaluating Northwest's proposal. Even assuming that the representations were false, Northwest's evidence does not support a claim with respect to knowledge of falsity.

■ The claim for intentional infliction of emotional distress does not pass the test that Bechtel's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Robel v. Roundup Corp.,* 148 Wash.2d 35, 59 P.3d 611, 619 (2002). French offers no authority for the proposition that yelling and using insults and threats meet this standard. *Cf. Snyder v. Medical Service Corp.,* 98 Wash.App. 315, 988 P.2d 1023, 1027–28 (1999).

Finally, Northwest challenges the district court's rulings with respect to purported defects in Northwest's submissions on summary judgment. We may affirm a grant of summary judgment on any ground supported by the record. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). Each of Northwest's claims is examined in this appeal and on de novo review the grant of summary judgment is affirmed. Therefore, we do not reach this claim.

AFFIRMED.