**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DERRICK JOHNSON; AMY MARIE
JOHNSON,

　　　　　Plaintiffs - Appellants,

　v.

US BANCORP; US BANK NATIONAL
ASSOCIATION, also known as US Bank,

　　　　　Defendants - Appellees.

No. 11-35667

D.C. No. 2:10-cv-00960-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted July 13, 2012
Seattle, Washington

Before: SCHROEDER, KLEINFELD, and M. SMITH, Circuit Judges.

　　Derrick and Amy Marie Johnson (collectively, the "Johnsons") appeal the

district court's dismissal of their diversity action against U.S. Bancorp and its

wholly-owned subsidiary U.S. Bank National Association (collectively, "U.S.

---

　　[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Bank" or the "Bank"), alleging civil conspiracy, negligent supervision, and loss of consortium as a result of U.S. Bank's termination of Derrick's employment. The Johnsons argue that U.S. Bank conspired with its employees and its attorney Michael Droke to terminate Derrick's employment in retaliation for his internal reports regarding alleged violations of banking laws and regulations. We affirm the district court's dismissal of the Johnsons' amended complaint.

The district court properly dismissed the Johnsons' civil conspiracy claim for failure to allege a legally cognizable co-conspirator. *See All Star Gas, Inc., v. Bechard*, 998 P.2d 367, 371 (Wash. Ct. App. 2000). A corporation cannot conspire with its duly recognized agents when they are acting within the scope of their agency. *See Corbit v. J.I. Case Co.*, 424 P.2d 290, 295 n.3 (Wash. 1967); *Eyak River Packing Co. v. Huglen*, 255 P. 123, 126 (Wash. 1927). Here, the Johnsons in their amended complaint admit that Bank employees were at all times acting within the scope of their employment. The Johnsons further admit that an attorney-client relationship existed between the Bank and Michael Droke. *See Herman v. Safeco Ins. Co. of Am.*, 17 P.3d 631, 633 n.3 (Wash. Ct. App. 2001) (recognizing that under Washington law "the relation of an attorney to his client is one of agency" (internal quotation marks omitted) (quoting 7A C.J.S. *Attorney &*

2

*Client* § 180, at 282 (1980))). Thus neither the Bank's employees nor its attorney can serve as legally cognizable co-conspirators.

Because the Bank employees were acting within the scope of their employment at all times, their claim of negligent supervision too must fail. *See Niece v. Elmview Grp. Home*, 929 P.2d 420, 425–26 (Wash. 1997) (a negligent supervision claim requires that the plaintiff show that the employees acted outside the scope of employment). As for the Johnsons' consortium claim, no such claim can arise "if no tort [was] committed against the impaired spouse." *Conradt v. Four Star Promotions, Inc.*, 728 P.2d 617, 621 (Wash. Ct. App. 1986). The Johnsons argue for the first time on appeal that even if their civil conspiracy and negligent supervision claims fail, the loss of consortium claim should be reinstated based on Derrick's administrative whistle-blower case, currently pending before the Department of Labor pursuant to 18 U.S.C. § 1514A. We deem this argument waived for failure to raise it below. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010).

**AFFIRMED**.

3