# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JODI LYNN SCANLON, | ) No. 76120-0-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| GCAT 2014-4, LLC, | ) UNPUBLISHED OPINION |
| Respondent, | ) FILED: March 12, 2018 |
| and | ) |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., | ) |
| Defendant. | ) |

BECKER, J. — Jodi Lynn Scanlon filed this action against a deed of trust beneficiary, alleging claims involving wrongful foreclosure, breach of contract, conspiracy, tortious interference with a contractual relationship, slander of title, and violations of the Consumer Protection Act (CPA), chapter 19.86 RCW. Because Scanlon cannot prove any set of facts that would entitle her to relief, the trial court properly dismissed her claims under CR 12(b)(6). We affirm.

In 2006, Scanlon became the owner of real property located on Vashon Island. On October 23, 2007, Scanlon executed a promissory note for $368,231 in

No. 76120-0-I/2

favor of Premium Capitol Funds LLC d/b/a Topdot Mortgage. To secure the obligation, Scanlon executed a deed of trust encumbering the Vashon property.

After Scanlon allegedly defaulted on payments, notices of a trustee's sale were recorded in 2008 and 2010. Both notices were later discontinued. At the time the trial court dismissed Scanlon's claims in this case on October 7, 2016, the record contained no further trustee's sale notices or any indication that the property had been sold.

After Scanlon executed the deed of trust, the beneficial interest under the deed of trust was assigned to a series of entities: BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP (2010), Bank of America N.A. (2011), and the Secretary of Housing and Urban Development (2015).

On May 22, 2015, the beneficial interest was assigned to respondent GCAT 2014-4 LLC. On September 23, 2015, the beneficial interest was assigned to Wilmington Savings Fund Society FSB, doing business as Christiana Trust, not in its individual capacity but solely as trustee for BCAT 2014-4TT.[1] Consequently, GCAT

---

[1] Wilmington Savings Fund Society, the current beneficiary, apparently commenced nonjudicial foreclosure proceedings in June 2017. On September 28, 2017, Scanlon filed an emergency motion under the appeal cause number to stay or cancel the trustee's sale scheduled for October 12, 2017. On October 5, 2017, a commissioner denied the motion, noting that Wilmington was not a party to Scanlon's appeal and that GCAT did not initiate the foreclosure proceedings or have any interest under the deed of trust. Scanlon did not move to modify the commissioner's ruling.

was the beneficiary of record under Scanlon's deed of trust from May 22, 2015, to September 23, 2015.

On May 15, 2015, Scanlon sued Bank of America in King County Superior Court, alleging breach of contract, conspiracy to defraud, breach of implied covenant of good faith and fair dealing, tortious interference with contract, wrongful foreclosure, and violations of the CPA. Bank of America removed the action to federal court, which granted Bank of America's motion to dismiss on December 23, 2015.

On December 29, 2015, Scanlon filed this action against GCAT, alleging essentially the same claims that she raised against Bank of America. In her complaint, Scanlon alleged that her claims rested on various wrongful acts of GCAT's "purported predecessor in interest,"[2] including acceleration of the debt and commencement of nonjudical foreclosure "without providing sufficient notice and opportunity to cure,"[3] failing to recognize in a timely manner Scanlon's payment of $50,000 curing the loan default, making false statements about ownership interest and standing to pursue the foreclosure, generating and filing documents in support of foreclosure, including fraudulent appointments of successor trustees, sending foreclosure documents to the wrong address, publishing the foreclosure notice in the wrong town, and making false statements in court. Scanlon claimed that as a result

---

[2] Clerk's Papers at 5.
[3] Clerk's Papers at 11.

of these wrongful acts, she suffered severe emotional distress and trauma, pain and suffering, and monetary damages.

GCAT moved to dismiss Scanlon's claims under CR 12(b)(6). On October 7, 2016, after hearing the parties' arguments, the court granted the motion and dismissed Scanlon's claims.

Scanlon appeals.

<u>CR 12(b)(6) Failure To State a Claim</u>

Dismissal under CR 12(b)(6) for failure to state a claim is appropriate only if it "'appears beyond doubt'" that the plaintiff cannot prove any set of facts that would justify recovery. <u>Burton v. Lehman</u>, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005), quoting <u>Tenore v. AT&T Wireless Servs.</u>, 136 Wn.2d 322, 330, 962 P.2d 104 (1998). We accept all facts alleged in the complaint as true and "'may consider hypothetical facts not included in the record.'" <u>Burton</u>, 153 Wn.2d at 422, quoting <u>Tenore</u>, 136 Wn.2d at 330. But we need not accept the plaintiff's legal conclusions as correct. <u>See</u> <u>Haberman v. Wash. Pub. Power Supply Sys.</u>, 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987), <u>appeal</u> <u>dismissed</u>, 488 U.S. 805, 109 S. Ct. 35, 102 L. Ed. 2d 15 (1988). "If a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts, dismissal pursuant to CR 12(b)(6) is appropriate." <u>Gorman v. Garlock, Inc.</u>, 155 Wn.2d 198, 215, 118 P.3d 311 (2005). We review CR 12(b)(6) dismissals de novo. <u>FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.</u>, 180 Wn.2d 954, 962, 331 P.3d 29 (2014).

Failure To Register

Relying on RCW 23.95.505, Scanlon repeatedly asserts that GCAT may not commence foreclosure proceedings or collect any payments because it was not registered to do business in Washington. See RCW 23.95.505(1) (foreign entity may not do business in Washington until it registers with the secretary of state). Scanlon maintains that as a result of its failure to register, GCAT "is barred from defending the suit and must pay back taxes for the time in which this LLC did business within a state without being foreign qualified here."[4] Scanlon also maintains that the trial court should have entered a default in her favor. These contentions fail for several reasons.

Scanlon makes no showing that GCAT's activities as a beneficiary under the deed of trust constituted doing business within the meaning of RCW 23.95.505. RCW 23.95.520 expressly excludes from the definition of "doing business" in the state "creating or acquiring indebtedness, mortgages, or security interests in property" and "securing or collecting debts or enforcing mortgages or security interests in property securing the debts." RCW 23.95.520(1)(g), (h). Moreover, although Scanlon quotes RCW 23.95.505 in its entirety, she fails to address all of the relevant provisions. See RCW 23.95.505(6)(c) (failure of a foreign entity to register does not "preclude the foreign entity from defending an action in this state"). Nor has Scanlon cited any authority suggesting that GCAT's failure to register has any effect

---

[4] Br. of Appellant at 26.

on the specific claims in this action. See Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989) (appellate court will generally decline to consider issues unsupported by cogent legal argument and citation to relevant authority).

Breach of Contract

In order to maintain a claim for breach of contract, the plaintiff must establish the existence of a valid and enforceable contract, the rights of the plaintiff and the obligations of the defendant under the contract, breach, and damages. Citoli v. City of Seattle, 115 Wn. App. 459, 476, 61 P.3d 1165 (2002), review denied, 149 Wn.2d 1033 (2003).

In her complaint, Scanlon identified the actions constituting breach of contract as wrongful acceleration of the debt, wrongful filing of a foreclosure action despite payment that cured the default, false statements in support of foreclosure, creation and filing of false documents in support of the foreclosure, wrongful denial of a loan modification, sending foreclosure documents to the wrong address, publishing notice of the trustee's sale in the wrong city, and making false statements in court.

All of these actions, however, as Scanlon acknowledges, involved the alleged wrongful foreclosure attempts by GCAT's "predecessor"[5] and occurred before GCAT became a beneficiary. Scanlon fails to identify how these actions constitute breach of contract by subsequent beneficiaries. GCAT undertook no foreclosure actions during the four months that it was the beneficiary. Scanlon's allegations of GCAT's

---

[5] Clerk's Papers at 14.

fraudulent conduct are nothing more than legal conclusions that are insufficient to defeat a CR 12(b)(6) motion. See Haberman, 109 Wn.2d at 120.

Scanlon's complaint alleges no conceivable facts supporting a breach of contract claim against GCAT.

Conspiracy To Defraud

To establish a claim for civil conspiracy, Scanlon must prove "by clear, cogent, and convincing evidence that (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." All Star Gas, Inc. v. Bechard, 100 Wn. App. 732, 740, 998 P.2d 367 (2000). A "mere suspicion or commonality of interests is insufficient to prove a conspiracy." Wilson v. State, 84 Wn. App. 332, 351, 929 P.2d 448 (1996), review denied, 131 Wn.2d 1022 (1997), cert. denied, 522 U.S. 949 (1997).

Scanlon alleges that GCAT conspired with Wilmington Savings Fund Society, the subsequent beneficiary, to commit "the wrongful and forcible sale of the Plaintiff's home after collecting all arrearages."[6] But the acts alleged to support the conspiracy are the same as those supporting the breach of contract claim. Those acts all occurred before GCAT or Wilmington Savings Fund Society had any involvement with Scanlon. The complaint alleges no set of facts suggesting that GCAT was involved in the alleged conspiracy.

---

[6] Br. of Appellant at 29.

## Breach of Implied Covenant of Good Faith and Fair Dealing

Every contract contains an implied duty of good faith and fair dealing that "obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." Badgett v. Sec. State Bank, 116 Wn.2d 563, 569, 807 P.2d 356 (1991). But this duty does not inject substantive terms into a contract; rather, "it requires only that the parties perform in good faith the obligations imposed by their agreement." Badgett, 116 Wn.2d at 569. There is no "free-floating duty of good faith unattached to the underlying legal document." Badgett, 116 Wn.2d at 570. Consequently, if no contractual duty exists, "there is nothing that must be performed in good faith." Donald B. Murphy Contractors, Inc. v. King County, 112 Wn. App. 192, 197, 49 P.3d 912 (2002).

In support of this claim, Scanlon once again relies on the acts of wrongful foreclosure that occurred before any relationship with GCAT arose. Consequently, the complaint fails to allege facts suggesting that GCAT breached any duty during the period of its contractual relationship with Scanlon.

## Tortious Interference With a Contractual Relationship

The nature of this claim is unclear. In conjunction with the tortious interference claim, the complaint alleges that "no contract existed."[7] But Scanlon does not allege GCAT interfered with a valid contractual relationship that she had with another. See Pac. Nw. Shooting Park Ass'n v. City of Sequim, 158 Wn.2d 342, 351, 144 P.3d 276

---

[7] Clerk's Papers at 17.

(2006) (elements of tortious interference include intentional interference causing a breach or termination of a valid contractual relationship). The trial court properly dismissed the tortious interference claim under CR 12(b)(6).

Slander of Title

To prevail on a slander of title claim, Scanlon must show: "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." Rorvig v. Douglas, 123 Wn.2d 854, 859, 873 P.2d 492 (1994).

Scanlon's claim rests primarily on allegations that Bank of America executed and recorded various fraudulent documents in conjunction with its wrongful foreclosure action. But GCAT had no involvement with those documents. Nor does the complaint allege that GCAT published false and malicious statements referencing a sale of the property in its recorded assignment of the deed of trust. Under these circumstances, Scanlon cannot prove any set of facts, consistent with her complaint, that would entitle her to relief on her slander of title claim.

Unfair and Deceptive Trade Practices

To maintain a claim under the CPA, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784, 719 P.2d 531 (1986). A statutory violation may establish a per se CPA violation. Anderson v. Valley Quality Homes, Inc., 84 Wn. App. 511, 515-16, 928 P.2d 1143, review denied,

132 Wn.2d 1002 (1997).

Scanlon's complaint alleges that GCAT "engaged in various deceptive and unfair trade practices,"[8] but does not otherwise identify any specific unfair or deceptive acts that GCAT committed. Rather, the complaint repeats yet again the alleged wrongful foreclosure attempts occurring years before GCAT became the beneficiary.

Scanlon's discussion of the Mortgage Electronic Registration System Inc. (MERS) in Bain v. Metro. Mortg. Grp, Inc., 175 Wn.2d 83, 285 P.3d 34 (2012), is misplaced. In Bain, our Supreme Court held that "only the actual holder of the promissory note or other instrument evidencing the obligation may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property." Bain, 175 Wn.2d at 89. Consequently, MERS is an ineligible beneficiary within the terms of the Washington deeds of trust act, chapter 61.24 RCW, "if it never held the promissory note or other debt instrument secured by the deed of trust." Bain, 175 Wn.2d at 110. Although characterizing MERS as the beneficiary has the "capacity to deceive" for purposes of a CPA action, it is not per se deceptive. Bain, 175 Wn.2d at 117.

MERS is not a party on appeal. Nor did GCAT undertake any actions to foreclose while it was the beneficiary. The trial court properly dismissed Scanlon's CPA claim.

---

[8] Clerk's Papers at 22.

## Motion To Amend

In her response to GCAT's motion to dismiss, Scanlon asked for leave to amend her complaint "if the court finds any allegation to be missing in the complaint."[9] Scanlon made what appears to be a similar request at the conclusion of her oral argument on the motion to dismiss. The trial court did not respond or rule on the request. On appeal, Scanlon contends the court erred in failing to permit her to amend the complaint.

Scanlon did not attempt to file an amended complaint. Nor did she present any supporting legal argument or object to the trial court's failure to respond. Moreover, Scanlon's vague requests were essentially an invitation to the court to assist her in amending her pleadings. Scanlon fails to demonstrate that the court committed any error or abused its discretion in failing to respond.

Scanlon raises several new allegations and arguments in her reply brief. We decline to consider them. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (appellate court will not consider issues and arguments raised for the first time in a reply brief).

---

[9] Clerk's Papers at 238.

No. 76120-0-I/12

Affirmed.

Becker, J.

WE CONCUR:

Trickey, A.C.J.

Schindler, J.

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 MAR 12   AM 8: 20

-12-