[No. 36752.    Department Two.    February 6, 1964.]

CHARLES E. DOMINY, *Appellant*, v. EDWARD CECIL, *Respondent.**

*Casey & Pruzan*, by *John F. Kovarik*, for appellant.

*Torbenson, Thatcher & Stevenson* and *Joseph R. Burns*, for respondent.

DONWORTH, J.—This is an appeal from a judgment denying appellant an injunction restraining respondent, a former partner, from soliciting or conducting business in certain territory and dismissing the action.

May 1, 1960, the parties, by written agreement, created a partnership known as North County Merchant Patrol. September 1, 1960, they executed another instrument designated as "Partnership Termination Agreement" whereby they dissolved the partnership. Included therein were the following provisions:

"3.   That Cecil shall have, from the area formerly served by the partnership, the area in King County bounded on the West by 15th Avenue Northeast, on the North by the Snohomish-King County Line, on the South by East 145th Street, and on the East from East 145th Street northward to the Lake Forest Park Light at Bothell Way and Ballinger Way along the shores of Lake Washington, and thence northerly along Ballinger Way to the intersection of Ballinger Way and 40th Place Northeast, and thence northerly along 40th Place Northeast to the Snohomish-King County Line, as generally outlined in the map attached hereto, being the area outlined in blue.

*Reported in 388 P. (2d) 917.

"4. It is agreed that neither Dominy nor Cecil will solicit business in the territory of the other after the effective date of the agreement, to-wit: September 1, 1960."

Attached to the termination agreement was a map of northern King County, which showed the specific territory in which each party was to have the exclusive right to solicit business.

January 22, 1962, appellant instituted this action, alleging that:

"II. That recently the Defendant has been soliciting business within the Plaintiff's area contrary to the provisions of said agreement, has obtained one or more accounts therein, and threatens to further infringe upon Plaintiff's territory.

"III. That unless ordered to give up all business within Plaintiff's territory and restrained from further infringement thereon, Plaintiff will suffer irreparable harm and damage."

Respondent's answer denied these allegations and stated two affirmative defenses: (1) performance of the termination agreement by respondent and violation thereof by appellant, and (2) that the termination agreement was against public policy, and hence unenforcible.

February 15, 1962, a temporary injunction was issued enjoining respondent "from conducting or soliciting for his merchant patrol business" in a certain portion of King County described therein. This injunction was dissolved when the action was dismissed.

The case was tried to the court sitting without a jury, and at the conclusion of the trial the court, in a brief oral opinion, stated that the termination agreement was not unenforceable as being against public policy but that such contracts are to be strictly construed. The court was of the opinion that there was no ambiguity in the agreement.

The trial court found that since September 1, 1960, respondent had done business with seven different business establishments in the Woodinville and Kenmore areas.

In its last two findings, the trial court stated:

"III. That since the execution of said Agreement, set forth in Paragraph II above, the defendant, Edward Cecil, has done business with the following:

"Gold Creek Park, Route 1, Woodinville, Washington; Fluke Metal Products, Inc., 10223 Woodinville Drive, Woodinville, Washington; Wigwam Department Store, 6730 NE 181st, Kenmore, Washington; I.G.A. Foodliner, Inc., 10042 NE 182nd, Kenmore, Washington; Ostrom's Drugs, 6744 NE 181st, Kenmore, Washington; Kenmore Medical and Dental Clinic, 6503 NE 181st, Seattle.

"IV. That the plaintiff failed to sustain his burden of proof that the defendant had solicited this business or any other business in violation of the terms, conditions and covenants of the said Partnership Termination Agreement."

Appellant's first assignment of error asserts that the trial court erred in entering this finding.

His argument in support of this assignment is that there *is* an ambiguity (although the trial court found to the contrary) in that it was susceptible of two meanings: (1) that the parties had agreed not to do business in the territory of the other, or (2) that they had agreed that neither party should solicit business in the other's territory.

As above mentioned, the trial court found that there was no ambiguity in the agreement. We agree with the trial court in this respect, and also agree that it forbade solicitation in the other party's territory and not the doing of any business therein.

In appellant's second assignment of error, he contends that the trial court erred in entering conclusions of law 1 and 2, to the effect that respondent had not violated or breached the agreement.

These conclusions are in accord with the trial court's oral opinion wherein it discussed the testimony relating to respondent's alleged solicitation of certain customers in appellant's territory. The court said:

"It would seem to me that solicitation here, if it is argued that Mr. Cecil solicited Mr. Duxbury and Mr. Worth, it could equally well be said that Mr. Duxbury solicited him and that Mr. Worth solicited him. Mr. Worth had to get rid of his business for reasons of the health of his deputy. Mr. Duxbury was building a new store and needed merchant

patrol service, and through a mutual friend, was brought in touch with Mr. Cecil, but I don't think I can hold that was active solicitation on Mr. Cecil's part."

■ There was ample evidence to support this statement which was followed by the entry of findings 3 and 4, quoted above.

This court will not review issues of fact under such circumstances. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959).

The three remaining assignments of error have been covered by what has already been said above and merit no further discussion.

The judgment of the trial court is in all respects affirmed.

OTT, C. J., FINLEY, and HAMILTON, JJ., and MURRAY, J. Pro Tem., concur.