[No. 38239.    Department One.    September 15, 1966.]

EDWARD CECIL, *Respondent,* v. CHARLES E. DOMINY *et al., Appellants.**

*Casey & Pruzan,* by *John F. Kovarik,* for appellants.

*Torbenson, Thatcher, Stevenson & Burns,* by *Joseph R. Burns,* for respondent.

*Reported in 418 P.2d 233.

HALE, J.—Where the sole issue in a trial is whether a temporary injunction shall be made permanent, is a reasonable attorney's fee a recoverable element of damages for procuring dissolution of the injunction in a trial on the merits? The trial court answered "yes"; we agree.

Charles E. Dominy and Edward Cecil had been partners in the North County Merchant Patrol business. September 1, 1960, through a written agreement, they dissolved the partnership, reserving an exclusive territory for each party in the future. The dissolution agreement contained the provision that

> 4. It is agreed that neither Dominy nor Cecil will solicit business in the territory of the other after the effective date of the agreement, to-wit: September 1, 1960.

In January, 1962, Dominy brought suit against Cecil alleging that Cecil had solicited business within Dominy's territory, obtained accounts therein and threatened further infringements. February 13, 1962, at Dominy's instance, upon notice by show cause order and after a hearing thereon, the court granted Dominy a temporary injunction conditioned upon a $2,000 bond restraining Cecil from soliciting business within a defined territory. Dominy filed the bond and the temporary injunction remained in effect until trial of the case on its merits May 16, 1962.

The only issue between the parties to be resolved at trial was whether this temporary injunction, in effect since the prior February, should be made permanent. All evidence presented went to that issue and to no other. The court, after trial, resolved this issue in Cecil's favor, and ordered dissolution of the temporary injunction. Dominy appealed and this court affirmed. *Dominy v. Cecil*, 63 Wn.2d 760, 388 P.2d 917 (1964).

Cecil then brought the instant action against both Dominy and his corporate surety on the injunction bond claiming damages resulting from the temporary injunction, including a claim for expenses incurred in employing an attorney to obtain a dissolution of the temporary injunction. From a judgment allowing him damages in the sum of $239.50

and additional damages of $750 as a reasonable attorney's fee in dissolving the injunction, Dominy appeals the attorney's fee award.

Although compensation of attorneys in this state and a majority of the others is left by statute (RCW 4.84.010) to agreement between attorney and client, the prevailing party in an action generally cannot recover from his adversary more than a nominal attorney's fee (RCW 4.84.080), unless, of course, an attorney's fee is specifically provided for by contract or statute. There being no such agreement or statute, only a nominal statutory attorney's fee would ordinarily be recoverable as costs to the prevailing party.

But the facts as to the attorney's fee present an uncommon situation here. In the action resulting in the temporary injunction (King County Superior Court No. 578636, 63 Wn.2d 760, 388 P.2d 917 (1964)), the only relief sought at trial on the merits was a perpetuation of the temporary injunction. Issues of fact finally to be resolved at trial were identical with the issues temporarily and tentatively resolved in the very show cause hearing out of which came the temporary injunction. The only purpose of a trial on the merits was to decide whether the temporary injunction be made permanent.

The temporary injunction, as the trial court specifically found in finding No. 7, "was not an exparte injunction; it was one granted after service of a show cause order and after a hearing," and the court added in finding of fact No. 8:

A Motion to Quash that Injunction was not in order because no other Judge of this Superior Court is the Supreme Court and could not set aside that Injunction.

Because the trial on the merits had for its sole purpose a determination of whether the injunction should stand or fall, and was the only procedure then available to the party enjoined to bring about dissolution of the temporary injunction, the case comes within the rule that a reasonable attorney's fee reasonably incurred in procuring the dissolution of an injunction wrongfully issued represents damages

suffered from the injunction. On this point, the general distinction has been well stated as follows in 2 High, Injunctions § 1686 (4th ed. 1905):

> [T]he true test with regard to the allowance of counsel fees as damages would seem to be, that if they are necessarily incurred in procuring the dissolution of the injunction, when that is the sole relief sought by the action, they may be recovered; but if the injunction is only ancillary to the principal object of the action and the liability for counsel fees is incurred in defending the action generally, the dissolution of the injunction being only incidental to that result, then such fees can not be recovered.

Accord: 2 Sutherland, Damages § 525 (4th ed. 1916).

This court adopted the rule and made the same distinctions in *James v. Cannell*, 135 Wash. 80, 237 Pac. 8 (1925), when we said:

> Where a temporary injunction or restraining order has been issued, the statute provides for the giving of a bond "conditioned to pay all damages and costs as may accrue by reason of the injunction or restraining order," Section 725, Rem. Comp. Stat. [P.C. § 8059]. Courts have generally held that, where the person against whom the injunction has been issued has employed attorneys to seek its dissolution and they have succeeded in doing so without a trial of the case upon its merits, in a suit upon the injunction bond, such person is entitled to recover such sum as he may have paid, or obligated himself to pay, his attorneys for their services in that connection, not exceeding, of course, a reasonable amount. Generally speaking, these cases are based on an assertion made by Mr. High, in his work on injunctions, to the effect that the commonly accepted rule is that reasonable compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action on the bond. 2 High, Injunctions (3d ed.), 1685. It also has been generally held that such fees, in order to be allowable as damages, must be those connected with the motion or other similar proceeding for the dissolution of the injunction, and not those covering the defense of the action on its merits. This court has allowed attorney's fees in suits on injunction bonds in the following cases: *Donahue v. Johnson*, 9 Wash. 187, 37 Pac. 322;

*Steel v. Gordon,* 14 Wash. 521, 45 Pac. 151; *Berne v. Maxham,* 82 Wash. 235, 144 Pac. 23.

We again noted the difference in cases where the injunction has been merely an adjunct of or ancillary to the relief sought at trial in *Gray v. McDonald,* 46 Wn.2d 574, 283 P.2d 135 (1955). There, in a trial upon the merits to establish an easement by prescription, attorneys' fees were claimed as damages resulting from an injunction. This court denied attorneys' fees as damages for the reason that the injunction had been merely ancillary to the main action, saying:

> The trial court further found that plaintiffs and defendants had tried the cause upon its merits, and that, therefore, reasonable attorneys' fees were not allowable as an element of damages. The main issue was whether or not an easement by prescription had been established. The injunctive relief prayed for was only ancillary thereto. Annotation, 164 A.L.R. 1090; *Donahue v. Johnson,* 9 Wash. 187, 191, 37 Pac. 322 (1894); *Mann v. Becker,* 90 Wash. 534, 538, 156 Pac. 396 (1916); *James v. Cannell,* 135 Wash. 80, 83, 237 Pac. 8 (1925).

In *Berne v. Maxham,* 82 Wash. 235, 144 Pac. 23 (1914), we allowed a reasonable attorney's fee for necessary services performed in presenting and arguing a motion to dissolve a temporary restraining order even though plaintiff voluntarily dismissed the action after the motion had been granted. We said, "It is plain from these decisions that, if counsel fees are incurred *solely* in the dissolution of the injunction, they are recoverable against the bond." (Italics ours.)

If injunctive relief is the sole purpose of the suit, and a temporary injunction has issued upon notice and hearing pending trial on the merits, counsel fees are recoverable as damages resulting from the temporary injunction if the injunction be dissolved at trial. But, where injunctive relief is not the sole purpose of the suit and only incidental or ancillary thereto, counsel fees as damages are recoverable only for services reasonably performed in attempting to quash the temporary injunction and not for professional

services rendered in the trial on the merits. Annotation, 164 A.L.R. 1088. See, 28 Am. Jur. *Injunctions* § 345 (1959).

In this case, Dominy, upon notice to show cause and in a contested hearing, obtained a temporary injunction against Cecil prior to a trial which had for its sole purpose a determination of whether the injunction should be made permanent or dissolved. No other procedure appeared available to Cecil whereby he could have relitigated and quashed the temporary injunction prior to trial, for, as the trial court found, one superior court judge cannot review or sit in judgment upon the proceedings of another. Thus, the only avenue remaining by which Cecil could have the injunction dissolved was the trial on the merits. The issues at trial being identical with those at the hearing on the temporary injunction, the injunction was not merely incidental or ancillary to the relief sought at trial, but coincided therewith. The trial court correctly allowed a reasonable attorney's fee as damages to Cecil from Dominy and his surety for expenses reasonably and necessarily incurred in employing counsel to procure a removal of the injunction.

Affirmed.

ROSELLINI, C. J., HILL, OTT, and HUNTER, JJ., concur.