98 P.3d 816 (2004)
In re Kimberly Kay GOURLEY, Respondent, and
Clifford A. Gourley, Appellant.
No. 52706-1-I.
Court of Appeals of Washington, Division 1.
August 9, 2004.
Reconsideration Denied and Publication Ordered October 4, 2004.
Howard Todd, Attorney at Law, Seattle, WA, for for Appellant.
Cynthia Lee Bailey, Attorney at Law, Everett, WA, for Respondent.
Jennie Rebecca Laird, Seattle, WA, for Amicus Curiae Columbia Legal Services.
Emily Lieberman, Seattle, WA, for Amicus Curiae Northwest Womens Law Center.
Catherine Carroll, Olympia, WA, for Amicus Curiae Wash. Coalition of Sexual Assault Programs.
Grace S. Huang, Seattle, WA, for Amicus Curiae Wash. State Coalition Against Domestic Violence.
COLEMAN, J.
Clifford Gourley appeals a domestic violence protection order prohibiting him from *817 contacting his wife or three children, one of whom alleged that Gourley sexually abused her for 1½ years. Gourley's primary argument on appeal is that the trial court's reliance upon hearsay statements violated the rules of evidence. He also argues that the trial court violated his constitutional rights and RCW 26.50.020(5) and .050 by admitting hearsay statements without providing an opportunity for cross-examination.
We reject Gourley's hearsay challenge because the rules of evidence need not be applied to protection order proceedings. ER 1101(c)(4). Furthermore, neither statute requires cross-examination. And in any event, Gourley cannot complain that his right to cross-examination was denied when he failed to subpoena the complainant's testimony. The protection order is affirmed. We grant respondent's request for attorney fees on appeal.

FACTS
On April 11, 2003, Kimberly Gourley applied for a protection order on behalf of herself and her three children, D (age 14), N (age 14) and K (age 10). In the petition, Kimberly stated that N had reported sexual abuse by her father, Clifford Gourley, for a period of 1½ years beginning in November 2001. The petition included a letter from a Snohomish County Sheriff's detective indicating that N had made allegations of sexual abuse that were under investigation. The letter described a specific allegation that Gourley had applied body oil to N while she was naked and touched her breasts. She also alleged that he placed his hands down the inside of her pants and touched her vaginal area. Additional supporting documents were filed while the petition was pending. N submitted a signed declaration to the trial court stating that her father had confessed that he had "done wrong things to [her] (sexually)" and she was afraid he might "touch [her] sexually again." Her counselor also submitted a letter stating that in May 2003, "[N] in her own words told me that her dad molested her over a period of about 2 years and that the molestations happened many times a week."
Gourley vigorously denied the allegations. He stated that the timing of her allegations was implausible because it coincided precisely with K's report of sexual abuse by Gourley's 18-year-old son, Michael, from a previous relationship. K reported this abuse on November 9, 2001, and N also reported that Michael had sexually abused her. Gourley suggested that her abuse allegations against him were motivated by her resentment of how he supported Michael against N's allegations, but believed that K was telling the truth. Charges were filed against Michael with respect to K's allegations only. A conviction followed, and N and K were both in counseling during 2002.
Gourley also challenged N's allegations because she failed to mention the alleged abuse during Child Protection Services (CPS) investigations or counseling. Although N was in counseling in connection with Michael's sexual abuse, she did not report abuse by Gourley to her counselor. N's allegations came to light when she told a friend that her father had sexually abused her, and her friend's father overheard the conversation and contacted CPS and N's mother. A CPS investigator following up on this complaint attended an interview with N in March 2003 in which N denied that Gourley had abused her. In a later interview in April 2003, N reported that Gourley had sexually abused her and claimed she lied previously to avoid getting her father into trouble.
When the case came for hearing on June 27, Gourley objected to the court's reliance on N's hearsay statements, but he did not request that the court issue a subpoena or compel her testimony. Gourley also vigorously argued that N's allegations were not credible because she had denied sexual abuse during the March 2003 interview. Gourley submitted a declaration in which he denied sexual abuse and offered an explanation regarding the body lotion incident that N reported to the police detective and CPS investigator. Gourley explained that it had occurred when N asked him to apply aloe lotion to a sunburn on her body. She took off her clothes to avoid staining them. He acknowledged that his actions were inappropriate, *818 but denied touching her in a sexual manner.
The trial court rejected Gourley's hearsay objection, stating that it believed that N's statements were admissible. After considering the evidence before it, the trial court concluded that inconsistent allegations were not necessarily indicative of fabrication given the past family history of sexual abuse, Gourley's alleged intimidation of N, and his professional experience. The court concluded that it was more likely than not that sexual abuse of N had occurred. The court also declined Gourley's request to appoint a guardian ad litem (GAL), expressing a preference that this be done in the dissolution proceedings already in progress. The court granted the petition for a protection order with a duration of one year, but stamped on it that it was subject to modification in the dissolution action.

ANALYSIS
Gourley argues that the court improperly relied upon hearsay evidence consisting of N's statements to a police detective, her mother, and a CPS investigator, but this argument has already been rejected in Hecker v. Cortinas, 110 Wash.App. 865, 870, 43 P.3d 50 (2002). In Hecker, the court held that the use of hearsay evidence in proceedings filed under RCW 26.50 was not improper, basing its holding on ER 1101(c)(4), which permits the court to disregard the rules of evidence in proceedings concerning domestic violence protection orders. That rule states:
(c) When Rules Need Not Be Applied. The rules (other than with respect to privileges) need not be applied in the following situations:
....
(4) Applications for Domestic Violence Protection. Protection order proceedings under RCW 26.50 and 10.14....
ER 1101©(4). Hecker is on point, and we likewise conclude that the trial court did not abuse its discretion in considering evidence of N's statements to third parties.[1]
Gourley acknowledges that the rules of evidence need not be applied in protection order proceedings, but contends that ER 1101(c)(4) should not be read to allow admission of hearsay evidence because it deprives him of his statutory right to a full hearing under RCW 26.50.020(5) and .050. Hecker's conclusion to the contrary regarding hearsay evidence undermines Gourley's argument, but in any event, the authority cited by Gourley does not support his contention.
Gourley argues that RCW 26.50.020(5) guarantees him a full hearing, which he defines as a hearing that must include oral testimony and cross-examination. We reject this argument because neither statute requires protection order proceedings to be conducted in such a manner. RCW 26.50.020(5) does contain the "full hearing" language Gourley refers to, but that statute is a jurisdictional one directing the district or municipal court issuing a temporary protection order to "set the full hearing provided for in RCW 26.50.050 in superior court[.]" RCW 26.50.020(5). The "full hearing" provided for in RCW 26.50.050 must take place within 14 days after the court receives a petition for a protection order. But RCW 26.50.050 does not define the evidentiary procedures for that hearing, stating simply that "[u]pon receipt of the petition, the court shall order a hearing which shall be held not later than fourteen days from the date of the order." Thus, neither statute requires oral testimony and we reject Gourley's argument.
Gourley also contends that the court violated his rights by admitting N's hearsay statements without providing for cross-examination of N. This contention has no merit.
First, as discussed, the court was entitled to consider hearsay evidence when deciding whether to grant the protection order. Second, Gourley was not denied his right to cross-examination because he never sought to subpoena N, nor did he move the court to issue a subpoena.[2] Furthermore, one case *819 he cites, State v. Howe, 44 Wash.App. 559, 565, 723 P.2d 452 (1986), confirms that there is "no inherent right to offer oral evidence in support of a litigant's defense," "nor is there an inherent right to confront or cross-examine witnesses in every type of proceeding." In sum, there is no merit to Gourley's claim that his right to cross-examination was violated.
Gourley next argues that the trial court's finding that he committed domestic violence is not supported by the evidence because there were only allegations of sexual touching, not sexual assault. His argument assumes that all hearsay statements should be excluded from consideration. This assumption is incorrect. Furthermore, Gourley's denial of being "a credible threat to the physical safety of the petitioner" does not mean that the trial court erred in making such findings. The record contains statements from Kimberly and N's counselor that N was afraid that her father would retaliate against her and harm her. This evidence is sufficient to support that finding.
Gourley's last contention is that the court violated its responsibility to craft an appropriate no-contact order with provisions for limited contact with his other children and appointment of a GAL, but he has not shown any authority for his claim that this was an abuse of discretion. Here, dissolution proceedings had already been commenced and were the preferred forum for appointing a GAL and modifying the protection order. The court reasoned that although it was not certain of the direct risk to Gourley's children, the immediate effect of the no-contact order would allow more time for evaluation of the risk posed by Gourley. The trial court did not deny Gourley the opportunity to request modifications or a GAL, but instead redirected those requests to the more appropriate forum. This was a proper exercise of the court's discretion.
Kimberly requests attorney fees for responding to this appeal under RCW 26.09.140. Gourley objects to her request since RCW 26.09.140 applies only to fee requests made in dissolution proceedings and this case was filed under the domestic violence protection act. Gourley is correct. Nevertheless, parties who have obtained protection orders may be awarded fees under RCW 26.50.060(1)(g). We exercise our discretion and grant Kimberly her reasonable attorney fees and costs on appeal.
We concur: ELLINGTON, Acting C.J., and SCHINDLER, J.
NOTES
[1] By the same rationale, the child hearsay statute, RCW 9A.44.120, cited and discussed by Gourley, is inapplicable in this situation.
[2] Despite his argument that it was the petitioner's duty to produce oral testimony in support of the petition, it is noteworthy that in the course of these proceedings, Gourley sought and obtained a court order compelling the deposition of Kimberly Gourley, but he never did so with respect to N.