[No. 22385-0-III. Division Three. March 1, 2005.]

SCOTT M. EMMERSON, *Respondent*, v. DALE E. WEILEP, *Petitioner*.

932

*Stephen K. Eugster* (of *Eugster Law Office, P.S.C.*), for petitioner.

*Michael Connelly, Spokane city Attorney*, and *Timothy E. Szambelan, Assistant*, for respondent.

¶1 BROWN, J. — Based upon his certified petition, Scott Emmerson, a city code enforcement officer, received a temporary antiharassment protection order against Dale Weilep. Mr. Emmerson certified Mr. Weilep engaged in a course of harassing conduct against him related to his position with the code enforcement office. After a hearing, the Spokane County District Court declined to issue a permanent protection order. The court held: (1) Washington's anti-SLAPP (strategic lawsuit against public participation) statute did not apply, precluding attorney fees under the statute; (2) it had jurisdiction to issue the temporary protection order; and (3) Mr. Weilep was not entitled to attorney fees in equity. The superior court affirmed. Mr. Weilep appealed. We affirm.

## FACTS

¶2 Dale Weilep lives in Spokane County. In spring 2000, Mr. Weilep complained to the city code enforcement office that his neighbor was violating land use laws and the parking code because his neighbor continuously blocked the street and created a nuisance. Mr. Weilep indicated he wanted the complaint to remain confidential.

¶3 Scott Emmerson, a city code enforcement officer, was assigned to investigate Mr. Weilep's complaint. Mr. Emmerson investigated Mr. Weilep's complaint and issued a citation. Later, Mr. Emmerson received a second complaint from Mr. Weilep. Upon investigation, Mr. Emmerson did not observe any violations and did not issue another

citation. Mr. Weilep was dissatisfied with Mr. Emmerson's response to his complaints.

¶4 According to Mr. Emmerson, during May 2000 through January 2003, Mr. Weilep repeatedly contacted him and other city code enforcement employees by phone and letter regarding his perceived lack of investigation and his belief that Mr. Emmerson had divulged his name to his neighbor. During the conversations, Mr. Weilep screamed at Mr. Emmerson and the office staff, called Mr. Emmerson a "son of a bitch" and a liar, and referred to him as "Scotty." Clerk's Papers (CP) at 411. Mr. Weilep repeatedly accused Mr. Emmerson of being involved in a conspiracy against him. Mr. Emmerson alleged Mr. Weilep offered to pay a city employee for e-mail correspondence and information relating to Mr. Emmerson.

¶5 Mr. Weilep complained to the city administrator and city council. Mr. Weilep contacted the Spokane police department, alleging a Spokane police officer had allowed his neighbors to see information regarding his complaints during a traffic stop. He indicated Mr. Emmerson was responsible, and he wanted to file a complaint against him. Sergeant Jim Faddis investigated and found the complaint "baseless." CP at 55. Mr. Weilep's subsequent complaints against both his neighbor and Mr. Emmerson were investigated by the city without any finding of wrongdoing or breach of confidentiality.

¶6 On January 22, 2003, Mr. Emmerson petitioned for a temporary order of protection from harassment against Mr. Weilep. Mr. Emmerson's petition certified the preceding course of conduct by Mr. Weilep and resulting emotional distress. A district court commissioner issued an ex parte temporary order of protection. The temporary order was reissued to the date of hearing.

¶7 At the February 13, 2003 hearing in Spokane County District Court, the court considered Mr. Weilep's motion to dismiss under RCW 4.24.510, Washington's anti-SLAPP statute. Mr. Weilep argued he was immune under the statute, and was entitled to attorney fees and statutory

penalties. Alternatively, he argued for attorney fees in equity. He challenged the court's jurisdiction to enter the temporary protection order.

¶8 The trial court held: (1) Washington's anti-SLAPP statute did not apply, (2) the District Court had jurisdiction and basis to issue the temporary protection order, (3) Mr. Weilep was not entitled to attorney fees or statutory penalties, and (4) it would not grant a permanent order of protection on the merits.

¶9 Mr. Weilep unsuccessfully appealed the court's rulings to Spokane County Superior Court. Mr. Weilep appealed.

## ANALYSIS

### A. Applicability of RCW 4.24.510

¶10 The issue is whether the trial court erred in finding RCW 4.24.510 (the anti-SLAPP statute) did not apply.

¶11 We review a trial court's decision on a motion to dismiss for manifest abuse of discretion. *Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190, 69 P.3d 895 (2003). A court's statutory interpretation is reviewed de novo. *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). Thus, we review the trial court's interpretation of RCW 4.24.510 de novo.

¶12 Mr. Weilep contends he is immune from "civil liability" based on RCW 4.24.510 and, thus, the court should have granted his motion to dismiss the proceedings. Washington adopted the first modern anti-SLAPP statute in 1989. LAWS OF 2002, ch. 232 § 1. The anti-SLAPP statute partly provides:

A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . *is immune from civil liability* for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization. A person prevailing upon the defense provided for in this section is

entitled to recover expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall receive statutory damages of ten thousand dollars. Statutory damages may be denied if the court finds that the complaint or information was communicated in bad faith.

RCW 4.24.510 (emphasis added).

¶13 As amended in 2002, the anti-SLAPP statute protects "individuals who make good-faith reports to appropriate governmental bodies" from the threat of a "civil action for damages." *See* RCW 4.24.500.

The legislature finds that the threat of a *civil action for damages* can act as a deterrent to citizens who wish to report information to federal, state or local agencies. The costs of defending against such suits can be severely burdensome. The purpose of RCW 4.24.500 through 4.24.520 is to protect individuals who make good-faith reports to governmental bodies.

RCW 4.24.500 (emphasis added); *see also* RCW 4.24.510, Intent—2002 c 232 ("Strategic lawsuits against public participation, or SLAPP suits, involve communications made to influence a government action or outcome which results in a *civil complaint or counterclaim* filed against individuals or organizations *on a substantive issue.*" (emphasis added)).

¶14 Accordingly, although Mr. Weilep points out the text of RCW 4.24.510 expressly provides for immunity from "civil liability," as opposed to immunity from a civil action for damages, its meaning must be construed in the context of the statutory scheme. *See Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002) (stating that although the plain meaning rule directs a court to construe and apply words according to the meaning that they are ordinarily given, the rule also permits the court to consider underlying legislative purposes, background facts, and statutory context to determine its plain meaning); *see also ITT Rayonier, Inc. v. Dalman*, 122 Wn.2d 801, 807, 863 P.2d 64 (1993) (statutory provisions must be read in their entirety and construed together, not by piecemeal). Here, the legislative purpose gives qualifying parties immunity

from "civil action[s] for damages," (RCW 4.24.500) and the statutory intent language discusses liability in terms of a "civil complaint or counterclaim . . . on a substantive issue." RCW 4.24.510, Intent—2002 c 232. The term "civil liability" should not be read in isolation, but construed within the context of the statute's intent and purpose to mean a civil action for damages.

¶15 In *Port of Longview v. International Raw Materials, Ltd.*, 96 Wn. App. 431, 445, 979 P.2d 917 (1999), the plaintiff initiated an unlawful detainer action to terminate the at-will defendant's tenancy and regain possession of their commercial property. The court found RCW 4.24.510 was "inapplicable" to the proceedings because the plaintiff did not seek "damages or civil liability" against the defendant. *Id.* Mr. Weilep argues *International Raw Materials* is distinguishable because the unlawful detainer action was an in rem claim, as opposed to an in personam claim. Although factually distinguishable on that basis, the court's holding established a rule of law which is equally applicable to in personam actions that do not seek "damages or civil liability." *See id.*

¶16 A petition for a temporary order of protection is not a civil action for damages, as contemplated by RCW 4.24.500 and .510. *See International Raw Materials*, 96 Wn. App. at 445-46. The initial proceeding before the trial court was limited to whether or not the facts certified in the petition warranted a temporary order of protection. The trial court had jurisdiction, as is discussed below. Thus, the trial court did not err in finding RCW 4.24.510 to be inapplicable to the current action or denying Mr. Weilep's motion to dismiss. Therefore, we do not analyze attorney fees or penalties under RCW 4.24.510.

## B. Jurisdiction

¶17 The issue is whether the court erred in granting a temporary protection order under RCW 10.14.020 because it lacked jurisdiction under the facts and because Mr. Emmerson allegedly used the wrong forms.

¶18 Initially, Mr. Emmerson argues the issue is moot. An issue is moot if "there is no longer a controversy between the parties, ... or if a substantial question no longer exists." *Pentagram Corp. v. city of Seattle*, 28 Wn. App. 219, 223, 622 P.2d 892 (1981). Mr. Weilep claims this issue is not moot because he seeks to expunge the record of the temporary restraining order, but he fails to offer reasoned analysis or cite any supporting authority. However, some analysis of jurisdiction is warranted.

¶19 The trial court's choice of law applying to facts is a question of law reviewed de novo. *State v. Law*, 110 Wn. App. 36, 39, 38 P.3d 374 (2002). RCW 10.14.020(1) outlines the requirements to obtain a temporary protection order against harassment:

> "Unlawful harassment" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves *no legitimate or lawful purpose. The course of conduct* shall be such as would cause a reasonable person to suffer substantial emotional distress, and shall actually cause substantial emotional distress to the petitioner.

RCW 10.14.020(1).

¶20 Mr. Weilep argues his communications were merely targeted at the city of Spokane, not at a "specific person." *See* RCW 10.14.020(1). But Mr. Emmerson's petition specifically alleges a course of harassing conduct by Mr. Weilep, targeted at him, and taking place over about two years. Although some of the statements contain hearsay, the majority of the allegations in the affidavit are based on Mr. Emmerson's personal knowledge. Further, under ER 1101(c)(4), the evidence rules need not be applied in cases of protection orders arising under chapter 10.14 RCW. *See Gourley v. Gourley*, 124 Wn. App. 52, 58, 98 P.3d 816 (2004) (child hearsay allowed under ER 1101(c)(4) in context of domestic violence protection order).

¶21 According to the certified petition, Mr. Weilep called Mr. Emmerson at his city office on numerous occasions over

a period of time, screamed at him using threatening language, used obscenities, and called him names. While arguably other allegations were not relevant, it is clear these certified facts provided tenable grounds for issuing the temporary order. The district court's subject matter jurisdiction is uncontested.

¶22 Moreover, Mr. Weilep's alleged harassment of Mr. Emmerson, not his constitutionally-protected activities, formed the basis of Mr. Emmerson's petition. Harassment is not protected speech. *State v. Alexander*, 76 Wn. App. 830, 837-38, 888 P.2d 175 (1995) (the gravamen of harassment is the thrusting of an offensive and unwanted communication upon one who is unable to ignore it).

¶23 Mr. Weilep also argues the court lacked jurisdiction to enter the temporary order of protection because Mr. Emmerson did not use a particular form. However, Mr. Weilep misinterprets RCW 10.14.040 to require petitioners to use specific forms. The statute merely requires a petition for relief to "allege the existence of harassment and . . . be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought." RCW 10.14.040(1). Mr. Emmerson's petition met these requirements. Although the statute requires the administrator for the courts to develop "model forms" and "instructional brochures" (RCW 10.14.050) and court clerks to make such forms available (RCW 10.14.040(3)), the statute does not expressly require petitioners to use these forms. The trial court did not err.

## C. Expunging Record

¶24 The presented issue is whether the court erred in failing to expunge the record of the temporary order of protection. However, Mr. Weilep did not provide argument or cite to any authority for his contention that the trial court erred in failing to expunge the record in this case. Further, the nature of the challenge is not clear from the record. "It is well settled that a party's failure to assign

error to or provide argument and citation to authority in support of an assignment of error, as required under RAP 10.3, precludes appellate consideration of an alleged error." *Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2*, 117 Wn. App. 183, 190 n.4, 69 P.3d 895 (2003). Accordingly, we decline Mr. Weilep's invitation to decide this issue.

## D. Attorney Fees

¶25 The issue is whether, in equity, the court erred in denying attorney fees to Mr. Weilep.

¶26 We review a trial court's denial of attorney fees for an abuse of discretion. *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 148, 859 P.2d 1210 (1993). A trial court abuses its discretion when it bases its denial on untenable grounds or reasons. *See In re Marriage of James*, 79 Wn. App. 436, 440, 903 P.2d 470 (1995).

¶27 In Washington, a prevailing party is not entitled to attorney fees unless authorized under a written contract, statute, or a recognized ground in equity. *Rorvig v. Douglas*, 123 Wn.2d 854, 861, 873 P.2d 492 (1994). Washington courts have recognized the equity of awarding attorney fees to a party who is successful in dissolving a wrongfully-issued temporary injunction or restraining order. *See Cecil v. Dominy*, 69 Wn.2d 289, 418 P.2d 233 (1966). The purpose of this equitable rule is to discourage parties from seeking unnecessary injunctive relief prior to a trial on the merits. *White v. Wilhelm*, 34 Wn. App. 763, 774, 665 P.2d 407 (1983).

¶28 Mr. Weilep argues he is equitably entitled to attorney fees because "the sole purpose of this proceeding was the dissolution of wrongful injunction or restraining order." Pet'r's Br. at 22. However, the cases Mr. Weilep cites address attorney fees in the context of the dissolution of wrongfully issued injunctions under chapter 7.40 RCW. *See Cecil*, 69 Wn.2d 289; *Seattle Fire Fighters Union, Local No. 27 v. Hollister*, 48 Wn. App. 129, 737 P.2d 1302 (1987); *All Star Gas, Inc. v. Bechard*, 100 Wn. App. 732, 998 P.2d 367

(2000). None of these cases awarded attorney fees in cases arising in the context of a harassment order under chapter 10.14 RCW.

¶29 Here, as analyzed above, the temporary order of protection was not "wrongfully issued." Although the court declined to issue a permanent order of protection, it acted well within its fact finding discretion in granting a temporary protection order.

¶30 Moreover, allowing an award of attorney fees to those who successfully defend against a permanent order of protection would deter private parties from seeking temporary and immediate relief from harassment. This is contrary to the legislature's expressed intent to prevent unlawful harassment. *See* RCW 10.14.010.

¶31 In sum, the trial court did not abuse its discretion in denying Mr. Weilep's motion for attorney fees.

¶32 Affirmed.

SWEENEY, A.C.J., and KURTZ, J., concur.

Review denied at 155 Wn.2d 1026 (2005).