# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF SEATTLE, a Washington municipal corporation, | ) ) ) | No. 69129-5-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| JAMES EGAN, an individual, | ) ) ) | |
| Appellant. | ) | FILED: February 3, 2014 |

GROSSE, J. — The Public Records Act (PRA), chapter 42.56 RCW, is a legislatively created right of access to public records. The legislature is free to restrict or even eliminate access without offending any constitutional protection. The city of Seattle (City) brought a declaratory action for the limited purpose of determining the applicability of the privacy act's[1] prohibitions against the release of the records requested here. Such an action is specifically provided for in the PRA. Because James Egan does not have a constitutional right to the records requested, his request under the PRA does not fall within the ambit of the anti-SLAPP[2] statute as protected public participation or petition activity. We affirm the trial court's dismissal.

## FACTS

On September 23, 2011, James Egan requested records from the Seattle Police Department's Office of Professional Accountability's (OPA) internal investigation, regarding complaints against four officers. Included in the request were 36 "dash-cam" videos that OPA reviewed in the investigations of those

_____

[1] Ch. 9.73 RCW.
[2] Strategic Lawsuits Against Public Participation, RCW 4.24.525.

complaints. The City provided Egan with some records but refused to release 35 of the 36 dash-cam videos, claiming those were exempt from disclosure under RCW 9.73.090(1)(c). RCW 9.73.090(1)(c) prohibits the City from providing videos to the public until final disposition of any criminal or civil litigation that arises from the event or events that were recorded.[3]

Egan disputed the application of that exemption and threatened to sue. The City filed a motion for declaratory judgment and a preliminary injunction against Egan. RCW 42.56.540 authorizes a court to enjoin production of a public record falling under an exemption. The City wanted to resolve any uncertainty and to avoid the accumulation of potential penalties should Egan delay suing. The City noted that it was involved in a pending lawsuit in which access to dash-cam videos was one of the issues.[4]

Egan filed a motion to strike and dismiss the City's suit under RCW 4.24.525, Washington's anti-SLAPP statute. Egan appeals the trial court's denial of that motion.

## ANALYSIS

A strategic lawsuit against public participation—otherwise known as a "SLAPP" suit—is a meritless suit filed primarily to chill a defendant's exercise of

---

[3] RCW 9.73.090(1)(c) provides:
> No sound or video recording made under this subsection (1)(c) may be duplicated and made available to the public by a law enforcement agency subject to this section until final disposition of any criminal or civil litigation which arises from the event or events which were recorded. Such sound recordings shall not be divulged or used by any law enforcement agency for any commercial purpose.

[4] Fisher Broadcasting v. City of Seattle, No. 87271-6, argued before the Supreme Court on May 14, 2013.

First Amendment rights.[5] This court reviews the denial of an anti-SLAPP motion de novo.[6] To prevail on a motion to dismiss Egan was required to prove by a preponderance of the evidence that his claim was based on an action involving public participation and petition.[7] RCW 4.24.525(2) defines public participation and petition as

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;

> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;

> (c) Any oral statement made, or written statement or other document submitted, that is reasonably likely to encourage or to enlist public participation in an effort to effect consideration or review of an issue in a legislative, executive, or judicial proceeding or other governmental proceeding authorized by law;

> (d) Any oral statement made, or written statement or other document submitted, in a place open to the public or a public forum in connection with an issue of public concern; or

---

[5] LAWS OF 2010, ch. 118, §1. Under LAWS OF 2002, ch. 232, § 1, amending former RCW 4.24.510, "SLAPP suits are designed to intimidate the exercise of First Amendment rights and rights under [a]rticle I, section 5 of the Washington [S]tate Constitution."

[6] City of Longview v. Wallin, 174 Wn. App. 763, 776, 301 P.3d 45, rev. denied, 178 Wn.2d 1020 (2013); see Eugster v. City of Spokane, 139 Wn. App. 21, 33, 156 P.3d 912 (2007) (The interpretation and application of a statute are reviewed de novo.)

[7] RCW 4.24.525(4)(b) provides:
> A moving party bringing a special motion to strike a claim under this subsection has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition. If the moving party meets this burden, the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim. If the responding party meets this burden, the court shall deny the motion.

(e) Any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public concern, or in furtherance of the exercise of the constitutional right of petition.

Egan argues that all of the subsections apply to the present case. We disagree.

Here, the City's declaratory judgment action under RCW 42.56.540 asked the court to determine whether the City had properly applied RCW 9.73.090(1)(c) in denying Egan's PRA request for the dash-cam videos. Under that statute, Egan is a necessary party. Because the legislature's intent in adopting RCW 4.24.525 was to address "lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances,"[8] this court looks to First Amendment cases to aid in its interpretation. Egan argues the anti-SLAPP statute applies because the City sought relief because of Egan's "threat" to sue. But the gravamen of the City's suit was whether a PRA exemption applied to Egan's original request, not to suppress Egan's right to bring an action. There was no question that Egan retained his right to bring an action under the PRA. But Egan was a necessary party under RCW 42.56.540.[9] The City's declaratory action did not interfere with Egan's right to petition. In <u>John Doe No. 1 v. Reed</u>, the United States Supreme Court distinguished disclosure requests under the Washington PRA from activity protected by the First Amendment, stating "the PRA is not a prohibition on

---

[8] LAWS OF 2010, ch. 118, §1(a).
[9] <u>Burt v. Wash. State Dep't of Corr.</u>, 168 Wn.2d 828, 833, 231 P.3d 196 (2009) (holding that a person who requests public records is a necessary party and must be joined in any action brought under RCW 42.56.540).

4

speech, but a disclosure requirement."[10] "[D]isclosure requirements may burden the ability to speak, but they . . . do not prevent anyone from speaking."[11]

The policy of the PRA requires a court to recognize "that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment." RCW 42.56.550(3).[12] That mandate for disclosure is in the public interest and is circumscribed by the exemptions created by the legislature. Our Supreme Court noted that although the PRA ""is a strongly worded mandate for broad disclosure of public records,"" . . . "where an exemption applies, disclosure is not appropriate."[13] RCW 42.56.070.

The United States Supreme Court revealed that there is not a general constitutional right of access to government information.[14] Accordingly, Washington is not compelled by the First Amendment to provide information to Egan. Instead its obligation to provide the public records to him arises under state law.[15]

---

[10] 561 U.S. 186, 130 S. Ct. 2811, 2813-14, 177 L. Ed. 2d 493 (2010).
[11] Reed, 130 S. Ct. at 2818 (alterations in original).
[12] Neighborhood Alliance of Spokane County v. County of Spokane, 172 Wn.2d 702, 261 P.3d 119 (2011).
[13] Yakima v. Yakima Herald-Republic, 170 Wn.2d 775, 791, 246 P.3d 768 (2011) (quoting Soter v. Cowles Publ'g Co., 162 Wn.2d 716, 731, 174 P.3d 60 (2007) (quoting Hearst Corp. v. Hoppe, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)).
[14] See Houchins v. KQED, Inc., 438 U.S. 1, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978) (holding that the right of access to government information or sources of information within the government's control is not mandated by the First or Fourteenth Amendments).
[15] Shero v. City of Grove, Okl., 510 F.3d 1196, 1201 (10th Cir. 2007).

5

Egan relies on Equilon Enterprises, LLC v. Consumer Cause, Inc.,[16] as support for his claim that the City's action for declaratory and injunctive relief arises from his protected speech. There, the consumer group defendant served the oil company with notices of intent to sue for alleged violation of Proposition 65 for groundwater pollution. Instead of requesting the consumer group to clarify its notice, the oil company filed a lawsuit for declaratory and injunctive relief, seeking a declaration that the notice did not comply with the California Code of Regulations.[17] The trial court granted the consumer group's motion to strike the complaint under the anti-SLAPP statute.[18] The Court of Appeals and Supreme Court agreed, ruling that the plaintiff's action for declaratory and injunctive relief arose from the consumer group's activity in furtherance of its constitutional rights of speech or petition. Those facts are markedly different than the facts of this case. Here, there was a dispute over whether the City correctly denied Egan's requests, and the City sought guidance in the manner prescribed by the PRA statute.

This case is more similar to a subsequent case dealing with Proposition 65. In American Meat Institute v. Leeman,[19] the California court held that a declaratory judgment action brought by two trade associations was not a SLAPP action, where the associations sought a determination that the Federal Meat Inspection Act preempted Proposition 65. In so holding the court noted:

---

[16] 29 Cal. 4th 53, 52 P.3d 685 (2002).
[17] Equilon, 29 Cal. 4th at 57-58.
[18] Equilon, 29 Cal. 4th at 57.
[19] 180 Cal. App. 4th 728, 739, 102 Cal. Rptr. 3d 759, 767 (2009).

One purpose of declaratory relief is "to liquidate doubts with respect to uncertainties or controversies which might otherwise result in subsequent litigation." . . . "One test of the right to institute proceedings for declaratory judgment is the necessity of present adjudication as a guide for plaintiff's future conduct in order to preserve his legal rights."[20]

Likewise Egan's reliance on Dove Audio, Inc. v. Rosenfeld, Meyer & Susman[21] is misplaced. There, the California court held that a letter from a law firm soliciting celebrity support for efforts to file a complaint against a publishing firm for alleged failure to pay royalties on audio recordings of prominent celebrities fell within the scope of the anti-SLAPP statute. In Dove, the underlying activity was the lawyer's letter, not a controversy between the parties.

The fact that one party's protected activity may have triggered the other party's cause of action does not necessarily mean the cause of action arose from the protected activity. In City of Cotati v. Cashman,[22] the parties disputed the validity of a rent stabilization ordinance applicable to mobile home parks. Owners of the mobile home parks sued the city in federal court challenging the ordinance. In response to that suit, the city filed its own action in state court. The owners then claimed that the city's state court action arose out of their pursuit of the federal action which qualified as a protected petitioning activity and therefore fell within the penumbra of the anti-SLAPP statute. In determining that it was not a SLAPP action, the California Supreme Court explained that even if the filing of the federal action triggered the city's decision to file its own action in

---

[20] Leeman, 102 Cal. Rptr. 3rd at 768-69 (internal quotation marks omitted) (quoting Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 647, 200 P.3d 295, 303-04 (2009)).
[21] 47 Cal. App. 4th 777, 54 Cal. Rptr. 2d 830 (1996).
[22] 29 Cal. 4th 69, 52 P.3d 695 (2002).

state court, the state court claims were not based on the federal court action. Instead both actions arose from the parties' underlying controversy.[23] Here, as in Cashman, although the "threat" of a suit may have pushed the City to act it was not the "gravamen" of the underlying action.

Further, to hold that the anti-SLAPP statue would prohibit the City from seeking declaratory and injunctive relief would vitiate the section of the PRA expressly providing for such actions. We must read the PRA and the anti-SLAPP statute to be in harmony:

> The principle of reading statutes in pari materia applies where statutes relate to the same subject matter. . . . Such statutes must be construed together. . . . In ascertaining legislative purpose, statutes which stand in pari materia are to be read together as constituting a unified whole, to the end that a harmonious, total statutory scheme evolves which maintains the integrity of the respective statutes.[24]

Because we construe the PRA to allow the City to seek declaratory and injunctive relief and we determine that the City's action was not primarily concerned with limiting Egan's protected activity, we conclude the anti-SLAPP statute does not apply here.

We affirm the trial court's dismissal of Egan's anti-SLAPP motion.

WE CONCUR:

---

[23] Cashman, 52 P.3d at 703.
[24] Hallauer v. Spectrum Props., Inc., 143 Wn.2d 126, 146, 18 P.3d 540 (2001) (internal quotation marks and citations omitted).