IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JACK WOODROW LINDELL, | ) | No. 32106-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RICHARD EUGENE BOCOOK, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Richard Bocook appeals an anti-harassment protection order along with related fees and costs. We affirm.

## BACKGROUND

As the parties are familiar with the facts, they need not be recounted in detail. Jack Lindell worked as the chief of security for River Park Square and provided security to the federal courthouse in downtown Spokane. He petitioned the district court for a civil anti-harassment protection order against Mr. Bocook, alleging numerous incidents of harassment in a variety of locations and contexts. Two such incidents occurred during city council meetings.

The district court granted Mr. Lindell a restraining order, and Mr. Bocook appealed to superior court. Once in superior court, Mr. Lindell requested statutory attorney fees and costs. In response, Mr. Bocook argued Mr. Lindell's request triggered application of the anti-SLAPP[1] statute, RCW 4.24.510. The superior court affirmed the anti-harassment protection order, rejected Mr. Bocook's anti-SLAPP claim, and awarded attorney fees and costs totaling $51,327.26 to Mr. Lindell.

Mr. Bocook sought discretionary review with this court. We denied review of the protection order but determined the superior court's award of attorney fees and costs and the ruling on the application of the anti-SLAPP statute were appealable as a matter of right. Mr. Bocook subsequently moved for discretionary review of the protection order with the Washington Supreme Court. The Supreme Court denied Mr. Bocook's motion.

ANALYSIS

Mr. Bocook argues that once Mr. Lindell moved in the superior court for fees and costs, the nature of the parties' dispute transformed from a claim for injunctive relief to one for civil damages. Mr. Bocook contends this transformation, coupled with the fact that Mr. Lindell's original anti-harassment petition cited statements made by Mr. Bocook to the city council, triggered his ability to claim immunity under Washington's anti-

---

[1] Strategic Lawsuits Against Public Participation.

2

SLAPP statute, RCW 4.24.510. These arguments involve issues of law, which we review

de novo. *Emmerson v. Weilep*, 126 Wn. App. 930, 935, 110 P.3d 214 (2005).

The applicable anti-SLAPP statute[2] provides, in pertinent part:

> A person who communicates a complaint or information to any branch or
> agency of federal, state, or local government . . . is immune from civil
> liability *for claims based upon the communication to the agency* . . .
> regarding any matter reasonably of concern to that agency. . . .

RCW 4.24.510 (emphasis added). The statute protects against lawsuits that abuse the

judicial process in order to silence free expression. *Davis v. Cox*, 183 Wn.2d 269, 275,

351 P.3d 862 (2015). It operates by granting civil immunity to "those who complain to

their government regarding issues of public interest or social significance." *Skimming v.*

*Boxer*, 119 Wn. App. 748, 758, 82 P.3d 707 (2004). The statute applies only to suits for

damages, not injunctive relief. *Emmerson*, 126 Wn. App. at 937.

Resolution of Mr. Bocook's anti-SLAPP arguments requires an analysis of the

type of claim brought by Mr. Lindell. In making this determination, we look to the

principal thrust of the cause of action. *Dillon v. Seattle Deposition Reporters, LLC*, 179

Wn. App. 41, 71-72, 316 P.3d 1119 (2014). "The fact that one party's protected activity

may have triggered the other party's cause of action does not necessarily mean the cause

---

[2] A separate anti-SLAPP statute, RCW 4.24.525, was invalidated by *Davis v. Cox*, 183 Wn.2d 269, 351 P.3d 862 (2015). The present statute is not impacted by *Davis*.

3

of action arose from the protected activity." *City of Seattle v. Egan*, 179 Wn. App. 333, 341, 317 P.3d 568 (2014).

While Mr. Bocook's complaints to the city council may have played a role in Mr. Lindell's decision to seek a protection order, they were not the primary impetus. The principle thrust of Mr. Lindell's petition for protection was Mr. Bocook's repeated acts of personal harassment, occurring at Mr. Lindell's places of employment and over the internet. Given this context, Mr. Lindell's anti-harassment petition was not "based upon communications to" the city council as required by RCW 4.24.510. Mr. Bocook's anti-SLAPP defense was properly rejected.[3]

Apart from his anti-SLAPP claim, Mr. Bocook appeals the superior court's award of attorney fees and costs to Mr. Lindell as the prevailing party under RCW 10.14.090(2) and RALJ 9.3(a), 11.2(b). Mr. Bocook challenges Mr. Lindell's status as the substantially prevailing party, pointing out he successfully challenged the scope of the district court's temporary restraining order. We are unpersuaded. The offending aspects of the temporary order were only imposed inadvertently, due to the proximity of Mr. Lindell's places of employment. Mr. Lindell never specifically sought to restrain access to any of

---

[3] Based on the nature of our ruling, we need not address Mr. Bocook's claim the superior court erroneously excluded the declaration of Danette Lanet. Any error was harmless.

4

the areas complained of by Mr. Bocook. When Mr. Bocook pointed out the hardships caused by the temporary order's geographic restrictions, Mr. Lindell agreed they should be remedied. The fact that the district court's permanent order corrected the inadvertent impact of the temporary order's geographic restrictions did not alter Mr. Lindell's status as the prevailing party. The superior court exercised appropriate discretion in awarding attorney fees and costs to Mr. Lindell.

## CONCLUSION

The decision of the superior court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

5